***********
The Full Commission reviewed the prior Order, based upon the record before Deputy Commissioner Glenn and the contentions and briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order, except for minor modifications. Accordingly, the Full Commission affirms the Order of Deputy Commissioner Glenn with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 20, 2009, Plaintiff, who was then a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction, initiated a civil *Page 2 
action by filing his Tort Claim Affidavit. Plaintiff alleges in his Affidavit that he was negligently deprived of sentence reduction credits based upon statute and Department of Correction policy.
2. Defendant moved to dismiss the action on the grounds that the application of credit toward sentences of imprisonment is solely a question for determination by the Department of Correction, and not subject to judicial scrutiny.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties." Bolkhir v. N.C.State Univ., 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove the four common law elements of negligence: (1) that one or more employees or agents of the defendant owed the plaintiff a cognizable duty; and (2) breached this duty; and (3) that this breach proximately caused (4) injury to the plaintiff.Id.
2. "[T]he difficult problems of when a person should be released and under what circumstances turn on analysis of internal correctional policy, and rightfully lie within the sole administrative jurisdiction of our State governmental departments, and are not, barring a clear instance of constitutional infirmity, subjects appropriate for judicial scrutiny." In re Imprisonment of Stevens,28 N.C. App. 471, 474, 221 S.E.2d 839, 841 (1976) (citing Goble v.Bounds, 281 N.C. 307, 188 S.E.2d 347 (1972)). Therefore, if judicial scrutiny of such determinations of the Department of Correction is limited to "a clear instance of constitutional infirmity," then it is not possible to present a justiciable claim regarding this subject pursuant to *Page 3 
the Tort Claims Act as the Act permits causes of action in negligence only. See Medley v. N.C. Dep't of Correction,330 N.C. 837, 843, 412 S.E.2d 654, 658-59 (1992) (distinguishing between claims of a constitutional nature and claims for negligence).
3. In addition, the language of N.C. Gen. Stat. § 15A-1355, which is cited in Plaintiff's Affidavit as the basis for his claim, clearly vests such administrative discretion with the Department of Correction.
4. Accordingly, Plaintiff is unable to obtain the relief sought through the Tort Claims Act, and his claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed to Plaintiff, who was permitted to proceedin forma pauperis.
This the 13th day of December, 2010.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR *Page 4 
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1